1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILBERTO BELARDO,

Petitioner,

v.

CHRISTIAN PFEIFFER, Acting Warden,[1]

Respondent.

Case No. 14-cv-02496-YGR (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO TRANSFER VENUE**

9    Petitioner Wilberto Belardo brings the instant *pro se* habeas action under 28 U.S.C.

10   § 2254 to challenge his 2011 conviction and sentence rendered in the Solano County Superior

11   Court for the 1998 murder of Jose Zarate and the special circumstance finding that Petitioner

12   committed the murder during the commission of a robbery.  Petitioner was sentenced to life in

13   prison without the possibility of parole and to a term of twenty-five years to life for the personal

14   discharge of a firearm causing death.  He is currently incarcerated at Kern Valley State Prison in

15   Delano, California.[2]

16   The Court has granted Petitioner leave to proceed *in forma pauperis* status and issued an

17   Order to Show Cause.  Dkt. 9.  Respondent filed an Answer.  Dkt. 13.  Although given the

18   opportunity to do so, Petitioner did not file a Traverse.

19   Respondent now moves to transfer venue to the Eastern District of California, where

20   Petitioner was convicted.  Dkts. 15, 16.

21   Venue for a habeas action is proper in either the district of confinement or the district of

22   conviction.  28 U.S.C. § 2241(d).  Habeas Local Rule 2254-3(a) and (b) provides, in relevant part:

23   (a) Venue.  The following noncapital petitions for writs of habeas corpus shall be filed in

24

25   [1] Christian Pfeiffer, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

26

27   [2] When Petitioner originally filed the instant petition, he was incarcerated at the California Correctional Institution in Tehachapi, California.  The Court notes that Tehachapi is in Kern County, which is located within the venue of the Eastern District of California.  *See* 28 U.S.C. § 84(b).

28

this District:

      (1) Petitions challenging the lawfulness of a conviction or sentence for which the petitioner was convicted and sentenced in the following counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, San Francisco, San Mateo, Santa Clara, Santa Cruz and Sonoma; or

      (2) Petitions challenging the manner in which the sentence is being executed, such as loss of good time credits, where the petitioner is confined in an institution located in a county listed in Habeas L.R. 2254-3(a)(1) at the time the petition is filed.

(b) Transfer of Venue. If a petition is filed in this District which does not conform to Habeas L.R. 2254-3(a), venue shall be transferred to:

      (1) The district of conviction or sentencing if the petition is challenging the conviction or sentence; or

      (2) The district of confinement if the petition is challenging the manner in which the sentence is being executed.

Habeas L.R. 2254-3.

Here, the Court agrees with Respondent that Petitioner's action should not proceed in this Court because it is not the proper venue for his claims. In the instant action, the Northern District of California is neither the district of confinement nor the district of conviction. Specifically, Kern Valley State Prison, where Petitioner is confined, is located in Delano, California, which is located in Kern County; Kern County is located within the venue of the Eastern District of California. *See* 28 U.S.C. § 84(b). Additionally, Solano County, where Petitioner was convicted, is also located within the venue of the Eastern District of California. *See id.*

When venue is improper, the district court has the discretion to either dismiss the action or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a). As federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction, *see Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968), the above-titled action is hereby TRANSFERRED, in the interest of justice, to the district of conviction, the United States District Court for the Eastern District of California. *See* Habeas L.R. 2254-3(b); 28 U.S.C. § 1406(a).

Accordingly, Respondent's Motion to Transfer Venue to District of Conviction is GRANTED. Dkts. 15, 16. The Court orders that, pursuant to Habeas L.R. 2254-3(b), the Clerk of the Court shall transfer this case to the Eastern District of California. All proceedings in this

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1  action will be stayed pending the Eastern District court's review of this action after it has been

2  transferred.

3      This Order terminates Docket Nos. 15 and 16.

4      IT IS SO ORDERED.

5  Dated:  May 6, 2016

6                                    _____
                                     YVONNE GONZALEZ ROGERS
7                                     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28